**James F. MYERS, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–221.

United States Court of Veterans Appeals.

Submitted Nov. 1, 1990.

Decided Jan. 18, 1991.

D.M. Samsil, Birmingham, Ala., was on the pleadings, for appellant.

Raoul L. Carroll, Gen. Counsel, Andrew J. Mullen, then Acting Asst. Gen. Counsel, and Joan E. Moriarty, Washington, D.C., were on the pleadings, for appellee.

Before KRAMER, MANKIN and HOLDAWAY, Associate Judges.

KRAMER, Associate Judge:

On December 18, 1989, the Board of Veterans' Appeals (BVA) held that the appellant, James F. Myers, did not qualify for a non-service connected pension on the grounds that he was not 100% disabled nor unemployable by reason of a permanent disability. The BVA made no findings, however, regarding the appellant's alleged service connection for his psychiatric, back, feet, and hand conditions. Upon consideration of the pleadings and record in this case, we hold that the BVA was on notice that the appellant had requested that the rating board decisions denying service connection for these conditions also be reviewed, and therefore we remand this case to the BVA with directions that it make such review.

I.

On April 11, 1988, the appellant filed a claim with the Montgomery, Alabama, Regional Office for service connection with respect to his psychiatric, back, feet, and hand conditions. In a rating decision dated March 15, 1989, the Regional Office denied service connection for all of the appellant's alleged conditions except for his tinea with onychomycosis on the nails of his hands and feet, which was rated as 10% disabling. Among the reasons the Regional Office gave for denying the appellant service connection for the other conditions was that his disabilities were not incurred in service and were the result of the veteran's own willful misconduct.

The appellant then filed a claim for non-service connected pension with the Regional Office on April 3, 1989. In response to the claim, the Regional Office issued a rating decision dated June 2, 1989 which stated that the "[p]ertinent data from the ... [March 15, 1989] rating decision is incorporated herein by reference." Prelim.R., Exhibit 2. This rating decision continued the ratings of the March 15, 1989 decision and also concluded that the veter-

an was not entitled to a non-service connected pension as he was not 100% disabled nor unemployable due to a permanent disability.

The appellant filed a Notice of Disagreement on July 19, 1989, asserting that he did "not agree with the decision to deny these pension benefits." Prelim.R., Exhibit 3. The Statement of the Case issued in response to this Notice of Disagreement stated that entitlement to pension was denied because there was neither 100% disability nor unemployability by reason of permanent disability, and contained no comment regarding service connection for the appellant's disabilities.

Along with the Statement of the Case, the Department of Veterans Affairs (VA) also sent a cover letter to the appellant which directed him to set out his substantive appeal on the accompanying VA Form 1–9, "Appeal to the Board of Veterans Appeals." Specifically, the VA instructed the appellant

> to say, in your own words, what benefit you want, what facts in the statement you disagree with, and any error you believe we made in applying the law.

Prelim.R. Exhibit 4. In response the appellant filed the VA Form 1–9 on September 11, 1989 and stated:

> My claim for [non-service connected] pension ... was submitted because my claim for service connected pension was denied. My disabilities are not due to any willful misconduct. My disabilities were inflicted and caused by and during my tour of service.... I remember picking up a box of TA312/PT's in 1972 and hurting my back like it was yesterday.... I had no personality problems until I was assigned to ... Maint[enance] Co[mpany]. Because of the ... [mistreatment I endured during this time my] ... personality is [as] it is today....
> I further feel pension and or compensation for said disabilities should be awarded 100%.

Prelim.R., Exhibit 5.

The BVA rendered its decision on December 18, 1989. Although it tacitly acknowledged that the appellant was suffering from a number of disabilities, the BVA did not discuss whether these disabilities were service connected. Instead the BVA only discussed whether the disabilities were severe enough to be 100% disabling or cause unemployability for pension purposes, and determined that they were not.

After the appellant perfected an appeal with this Court, he filed a statement of issues on May 11, 1990, which identified both the denial of pension and entitlement to service connection for his various disabilities as issues for this Court to address. In response, the Secretary of Veterans Affairs (Secretary) filed a motion to dismiss two of the issues raised by the appellant (issues (I), which involved entitlement to service connection for personality disorder and substance abuse, and (III), which involved service connection for a back condition) on the grounds that the Court lacks subject matter jurisdiction over these issues as they were not raised in front of the BVA. In its accompanying memorandum in support of its motion, the Secretary argued that these issues should be dismissed as the only issue before the BVA at the time of its decision was entitlement to a non-service connected pension. The appellant's memorandum in opposition to the motion, filed July 2, 1990, requested that the Secretary's motion be denied or that, in the alternative, the two issues be remanded to the BVA.

## II.

While it is true that a Notice of Disagreement is necessary to commence the appeal process within the VA, 38 U.S.C. § 4005(a) (1988), it is the claimant's statements on the VA Form 1–9 which often frames the nature of the appeal to the BVA. *See* 38 C.F.R. § 19.121(b) (1989). The VA has adopted a regulation which directs the BVA to

> construe [the] arguments [contained in the VA Form 1–9] in a liberal manner for the purposes of determining whether they raise issues on appeal.

38 C.F.R. § 19.123 (1989). The BVA is not free to ignore this regulation. 38 U.S.C. § 4004(c) (1988), *Payne v. Derwinski*, 1

Vet.App. 85, 87 (1990). Therefore, upon receipt of a VA Form 1-9, the BVA must review all issues which are reasonably raised from a liberal reading of the appellant's substantive appeal.

 Although the appellant has at times mischaracterized entitlement to service-connected disability as pension rather than compensation, it is clear that appellant, based on the VA Form 1-9, desired review by the BVA of both his March 15 and June 2, 1989 rating decisions. He repeatedly and specifically disagreed with the findings of the March 15, 1989 rating board decision. Whereas the March 15 rating decision found no service connection for all conditions other than the appellant's tinea, the appellant stated that all his "disabilities were inflicted and caused by and during [his] tour of service." Prelim.R., Exhibit 5. The appellant also took issue with the March 15 rating decision's determination that his disabilities were the result of his misconduct, stating, "[my] disabilities [were] not due to any willful misconduct." *Id.* Finally, the appellant concluded his statement with the assertion, "I feel pension and or *compensation* for said disabilities should be awarded at 100%." *Id.* (emphasis added). Compensation (as opposed to pension) can only be granted for service connected disabilities. Thus these assertions, when read liberally, must be considered a request for a review of the denial of service connection.

### III.

 The appellate process within the VA is intended to be informal and nonadversarial. The BVA should have been aware, based on the VA Form 1-9, that both compensation and pension issues were to be considered for review. The BVA's failure to construe the appellant's VA Form 1-9 so as to have raised the compensation issues was in contradiction to 38 C.F.R. § 19.123 and thus a violation of § 4004(c). *See Payne,* at 87-88. The Court therefore, pursuant to 38 U.S.C. § 4052(a) (1988), orders that this case is remanded to the BVA for review of all determinations adverse to the appellant made in the March 15, 1989 rating decision.

Because of our holding here, we make no determination regarding the BVA's decision to deny the appellant non-service connected pension benefits. We do, however, retain jurisdiction to review this issue in any subsequent appeal based on a BVA decision resulting from this remand.

*It is so Ordered.*