EF, **Appellant,**

v.

Edward J. **DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–533.

United States Court of Veterans Appeals.

Submitted April 3, 1991.

Decided June 21, 1991.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Carolyn F. Washington, Washington, D.C., were on the pleadings, for appellee.

Keith D. Snyder, Washington, D.C., was on the pleadings, for appellant.

Before KRAMER, FARLEY and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge:

This case, which has been sealed on motion of the appellant, concerns an appeal of a May 10, 1990, Board of Veterans' Appeals (BVA or Board) decision that denied appellant service connection for atypical depression and schizo-affective disorder. We deny both appellant's and appellee's motions for summary disposition, vacate the May 10, 1990, BVA decision, and remand the matter to the BVA for further development of the facts and readjudication of the case.

Appellant served in the Air Force from November 1983 to February 1988. In October 1988, appellant filed a claim to establish service connection for low back strain, heart disease, defective vision, deviated nasal septum, and scrotal mass. A Department of Veterans Affairs (VA) physical examination was done on November 30, 1988. On December 20, 1988, appellant amended his claim to add condyloma acuminata (genital warts). On January 30, 1989, appellant added another claim for "an anxiety disorder." In support of this claim, appellant submitted a January 26, 1989, report from a private psychologist which stated that appellant had been treated for depression.

No VA examination, other than the November 30, 1988, examination, was done even though two additional claims had been added after that date. On March 6, 1989, the VA Regional Office (VARO) awarded service connection for low back strain, hypertension, deviated nasal septum, varicocele (left), and condyloma acuminata. Service connection was denied for a nervous disorder with depression.

Appellant filed a Notice of Disagreement on May 30, 1989, stating that he was amending his claim to schizo-affective disorder, depressed. Appellant submitted a letter dated May 17, 1989, from his private psychiatrist. The psychiatrist characterized appellant as:

carr[ying] a diagnosis of:

(1) Atypical Depression (311.00)
(2) R/O Somatization Disorder (300.81)
(3) R/O Schizoaffective Disorder, Depressed (295.70).

. . . .

[Appellant] manifests vague, circumstantial thought processes; as well as depression; as well as somatic and interpersonal (sexual) concerns about a problem which he developed while in military service with genital papilloma virus. He has had recurrences of the virus and maintains a depressive anxiety about this situation.

On July 7, 1989, the VARO denied service connection for atypical depression and schizo-affective disorder. A Statement of the Case (SOC) was issued on July 14, 1989. The Reasons for Decisions section stated:

1. Atypical depression is initially confirmed on statement from the veteran's private physician dated May 17, 1989. This is a date too remote from the veteran's period of active duty to warrant service connection on any basis.

2. Chronic schizo-affective disorder is not shown by the evidence of record.

Appellant submitted a VA Form 1–9 in which he pointed out that his November 1988 VA examination had been for physical disabilities only and that he had never been given a VA psychiatric examination.

A BVA decision was issued on May 10, 1990, which denied service connection for atypical depression and schizo-affective disorder because "neither ... was incurred in or aggravated by service; nor [could] a psychosis be presumed to have been incurred therein."

■ The Secretary has a statutory duty to assist claimants during the non-adversarial process of claims adjudication. *Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990). "[A] person who submits a claim ... shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded." 38 U.S.C. § 3007(a) (1988). "A well grounded claim is a plausible claim, one which is meritorious on its own or capable of substantiation. Such a claim need not be conclusive but only possible to satisfy the initial burden of § 3007(a)." *Murphy*, at 81–82.

In *Myers v. Derwinski*, 1 Vet.App. 127, 129 (1991), this Court stated that "it is the claimant's statements on the VA Form 1–9 which often frame[] the nature of the appeal to the BVA.... Therefore upon receipt of a VA Form 1–9, the BVA must review all issues which are reasonably raised from a liberal reading of the appellant's substantive appeal." However, there is nothing magical about the statements actually on the 1–9 form, given the VA's non-adversarial process. The VA's statutory "duty to assist" must extend this liberal reading to include issues raised in all documents or oral testimony submitted prior to the BVA decision. In this case, the issue of whether appellant's depression was the result of his service-connected condyloma acuminata was raised in the psychiatrist's statement submitted with the May 30, 1989, NOD. It is possible that appellant confused the issue when he erroneously claimed that Dr. Oliver's letter diagnosed him with schizo-affective disorder. In any event, the Board failed to recognize that there had been no VA exam to pinpoint exactly what mental disorder was in issue (psychotic or psychoneurotic) or whether it was secondary to the service-connected condyloma acuminata.

The BVA decision about appellant's mental condition in this case was made without an adequate record. When the record before the BVA is clearly inadequate, remand to the Regional Office for the development of facts is required. *Littke v. Derwinski*, 1 Vet.App. 90, 92 (1990). *See also* 38 C.F.R. § 4.2 (1990). "We believe that the fulfillment of the statutory duty to assist here includes the conduct of a thorough and contemporaneous medical examination, one which takes into account the records of prior medical treatment, so that the evaluation of the claimed disability will be a fully informed one." *Green v. Derwinski*, 1 Vet.App. 121, 124 (1991) (citation omitted). The BVA should have remanded the case for a psychiatric examination prior to making a decision.

Once the veteran has met the burden of § 3007(a), the VA has a duty to help him develop the claim. In this case, appellant met the burden of § 3007(a) with the reports submitted by his private doctors. The VA had a duty to assist him with the development of his claim of a mental disorder by ordering a comprehensive psychiatric exam. Given the state of the record, no informed decision could have been made on this issue. Therefore, remand is required. Once the factual basis is developed, a decision which contains the required "reasons or bases" for that decision can be written. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990); 38 U.S.C. § 4004(d)(1) (1988).

Accordingly, we VACATE the May 10, 1990, BVA decision in this case and REMAND the matter to the BVA for development of the factual basis and readjudication of the issues raised in this claim.