**Sarah J. SMITH, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–1507.**

United States Court of Veterans Appeals.

May 21, 1992.

Before KRAMER, Associate Judge.

## MEMORANDUM DECISION

KRAMER, Associate Judge:

Appellant seeks a reversal of an August 17, 1990, decision of the Board of Veterans' Appeals (BVA) denying her entitlement to an increased rating for residuals of a left pneumothorax with musculoskeletal chest wall pain, presently evaluated at 10% disabling. Because the BVA failed to consider and correctly apply relevant law and regulations, its decision is vacated and the case remanded for proceedings consistent with this decision.

### I.

#### Factual Background

Appellant served on active duty from June 11, 1982, to May 5, 1987. R. at 1. In July 1986, appellant suffered a pneumothorax when her left lung was punctured by a doctor who was administering a nerve block to appellant. *See Sarah J. Smith,* BVA 90–28364, at 4 (Aug. 17, 1990); R. at 29, 37, 41, 174. (Pneumothorax is defined as "an accumulation of air or gas in the pleural space which may occur spontaneously or as a result of trauma or a pathological process, or be introduced deliberately." *Dorland's Illustrated Medical Dictionary* 1321 (27th ed. 1988).) In August 1986, appellant suffered a second pneumothorax when given another nerve block. R. at 37–41. The record shows that, subsequent to these pneumothoraces, appellant has had chronic chest pain attributable to

such pneumothorax. *See, e.g.,* 18, 25, 33, 37, 38, 54, 58, 60, 61, 63–68, 70, 72, 104, 113, 116, 122, 128, 130, 155–57, 161–73, 174–89, 190–95, 199, 208, 217–19, 225, 228–31, 233–34. On August 22, 1989, appellant was awarded a 10% service-connected disability rating for residuals of left-lung pneumothorax with musculoskeletal chest wall pain. R. at 202.

As to the extent of the severity of the pain, a Department of Veterans Affairs (VA) staff physician, who had examined appellant on April 4, 1990, stated:

> Ms. Sarah Smith has had chronic chest pain following a complex problem related to [p]neumothorax. She has contin[uous] pain which becomes severe with normal activities, because of her chronic pain she has been unable to keep a job, she has frequent absences from work because of her health. She is trained as a [d]ental [a]ssistant and enjoys her work, but because of the above condition, [she] cannot find employment in this or any other field. In my opinion she is totally and permanently disabled from any type of work.

R. at 229. In addition, on July 20, 1990, Dr. Kevin J. Gill, another VA physician, who had diagnosed appellant as having "chronic chest pain due to complications of repeated pneumothoraces", reported that "[appellant] has been unable to keep any full-time job due to her medical problems." R. at 225. There is much other evidence in the record, including statements from her past employers, that this pain prevents her from engaging in substantially gainful employment. R. at 18, 27, 32, 128–30, 181–84, 197, 199, 200–01, 210, 218, 228–31, 233–34.

### II.

#### Analysis

■ The rating schedule for pneumothorax provides that residuals of such a disorder are to be rated as "analogous to bronchial asthma diagnostic code 6602." 38 C.F.R. § 4.97, Diagnostic Code (DC) 6814 (1991). DC 6602, in turn, provides:

100 percent

Pronounced; *asthmatic attacks very frequently with severe dyspnea* [ (labored or difficult breathing) ] on slight exertion between attacks and with marked loss of weight or other evidence of severe impairment of health.

60 percent

Severe; *frequent attacks of asthma (one or more attacks weekly), marked dyspnea* on exertion between attacks with only temporary relief by medication; more than light manual labor precluded.

30 percent

Moderate: *asthmatic attacks rather frequent (separated by only 10–14 day intervals) with moderate dyspnea* on intervals between attacks.

10 percent

Mild; *paroxysms of asthmatic type breathing (high pitched expiratory wheezing and dyspnea) occurring several times a year* with no clinical findings between attacks.

38 C.F.R. § 4.97, DC 6602 (1991) (emphasis added). This DC measures the degree of impairment by the frequency and severity of the symptomatology. Thus, if, as the record appears to show, appellant always has incapacitating pain, she would be entitled to a rating in excess of 10% under DC 6602.

■ The BVA, in refusing to increase appellant's 10% disability rating, stated, without analysis that *"[i]n our judgment, ... the [appellant's] symptoms are most compatible with a 10 percent evaluation. Accordingly, a higher rating is not warranted at this time." Smith,* at 4 (emphasis added). The BVA is to provide reasons or bases for making any material, factual, or legal determination, "especially for one that appears on its face to be inconsistent with ... the relevant evidence in the record." *Webster v. Derwinski,* 1 Vet.App. 155, 159 (1991); *see Gilbert v. Derwinski,* 1 Vet.App. 49, 56–57 (1990). On remand, the BVA is to carefully evaluate appellant's rating within the context of all the relevant evidence contained in the record that documents the extent of appellant's disability.

*See Cousino v. Derwinski,* 1 Vet.App. 536, 540 (1991).

The Court also notes that the BVA has failed to address appellant's claim for total disability based on unemployability and the evidence referenced above supporting it. R. at 216–19. *See Myers v. Derwinski,* 1 Vet.App. 127, 129–30 (1991). On remand, the BVA is to consider 38 C.F.R. §§ 4.16, 3.321(b) (1991). Summary disposition is appropriate. *See Frankel v. Derwinski,* 1 Vet.App. 23, 26 (1990). Therefore, the motion of the Secretary of Veterans Affairs for summary affirmance is denied and the decision of the BVA is vacated and remanded for proceedings consistent with this decision.