Alfred Lawrence SMITH, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–1049.

United States Court of Veterans Appeals.

June 18, 1992.

Before KRAMER, Associate Judge.

### ORDER

The Court has reviewed the motion of the Secretary of Veterans Affairs (Secretary) for summary affirmance, appellant's informal brief, and the record on appeal.

In regard to appellant's claim for entitlement to service connection for hearing loss, the Court holds that because there is no evidence linking appellant's present hearing loss to a disease or injury incurred in service, there is no basis on which to award service connection. *See Rabideau v. Derwinski,* 2 Vet.App. 141, 143–44 (1992).

In regard to appellant's claim for entitlement to an increased disability rating for sacroiliac strain, currently rated at 40%, the Court affirms the decision of the Board of Veterans' Appeals (BVA). Under 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5295 (1991), the applicable DC, a rating in excess

of 40% for sacroiliac strain is not authorized.

While the BVA acknowledges that appellant had degenerative disc disease (DDD), it did not address whether or not the DDD is entitled to either direct or secondary service connection. *See* 38 U.S.C. § 1110 (formerly 310); 38 C.F.R. §§ 3.304, 3.303, 3.310 (1991). The BVA is to address "all issues reasonably raised from a liberal reading of appellant's substantive appeal." *Myers v. Derwinski,* 1 Vet.App. 127, 129–30 (1991). Consequently, it is

ORDERED that that part of the BVA decision denying appellant's claim for hearing loss is affirmed. It is further

ORDERED that that part of the BVA decision denying appellant an increased disability rating under DC 5295 is affirmed. It is further

ORDERED that the BVA decision is vacated in part and remanded for a determination of whether appellant's DDD is entitled to service connection and, if so, to apply 38 C.F.R. §§ 4.71a, DC 5293, 4.3, 4.7, 4.20, 4.14 (1991). Should further medical evidence be necessary in making these determinations, the BVA is free to order another examination of appellant. *Colvin v. Derwinski,* 1 Vet.App. 171, 175 (1991). Upon remand, appellant is free to introduce additional evidence of his disability including the statements from Richard F. Kyle, M.D., dated May 1, 1991, and Rodger I. Ginsberg, D.C., dated June 4, 1991, that have been excluded from the record on appeal by Court order of December 12, 1991. In readjudicating appellant's claim, the BVA is to provide adequate reasons or bases for its determination. *Gilbert v. Derwinski,* 1 Vet.App. 49, 56–59 (1990).