**Clara B. HENRY, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–877.**

United States Court of Veterans Appeals.

June 22, 1992.

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, Clara B. Henry, a veteran's surviving spouse currently in receipt of non-service-connected pension from the Department of Veterans Affairs (VA), appeals from a May 7, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to a special monthly pension for aid and attendance or for being housebound. In determining that the claimant was not housebound or in need of regular aid and attendance, the BVA relied in part upon a July 1990 VA examination report that contained clear inconsistencies and inadequacies which the Board failed to resolve. Consequently, the BVA decision will be vacated and the record remanded for readjudication.

The July 1990 examination report stated that the appellant was capable of leaving her house every day with the aid of only a walker, but also stated that she was able to walk only 15 yards without the aid of another person. R. at 26. The BVA failed to resolve this apparent inconsistency or to explain why her inability to travel more than 15 yards without the aid of another person does not render her housebound or in need of regular aid and attendance.

The July 1990 examination report further stated: "Patient should be able to feed, cloth [sic], bath [sic], self with the appropriate modification of her house." R. at 25. The examiner also noted: "[Patient] claims to have numerous seizures. These should

be optimally controlled with medications." R. at 26. The BVA relied heavily on the examination report in reaching its conclusion. However, neither that report nor the BVA decision stated whether the appellant has made or feasibly can make the appropriate modifications to her home, whether she receives or feasibly could receive medication to control her seizures, and whether, if she does not meet those conditions postulated by the examiner, she is presently housebound or in need of regular aid and attendance.

 Because the Board failed to resolve internal inconsistencies in the examination report it relied upon, its statement of the reasons or bases for its decision is inadequate. *See Hanson v. Derwinski*, 1 Vet. App. 512, 518 (1991); *Hatlestad v. Derwinski*, 1 Vet.App. 164, 168 (1991); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1990). Furthermore, because the examination report contains diagnoses which are conditional upon the appellant's obtaining unspecified modifications to her home and obtaining unspecified medication, that examination report is insufficient for purposes of evaluating the appellant's disability. *See* 38 C.F.R. § 4.2 (1991) (when diagnosis is not supported by findings or examination report contains insufficient detail, rating board must return the report as inadequate for evaluation purposes); *Green v. Derwinski*, 1 Vet.App. 121, 124 (1991). Therefore, pursuant to VA's statutory duty to assist, 38 U.S.C. § 5107(a) (formerly § 3007), the appellant should be provided with "a thorough and contemporaneous medical examination, one which takes into account the records of prior medical treatment, so that the evaluation of the claimed disability is a fully informed one." *Green, supra; see also Wilson v. Derwinski*, 2 Vet.App. 16, 21 (1991); *Parker v. Derwinski*, 1 Vet.App. 522, 526 (1991); *Moore v. Derwinski*, 1 Vet.App. 401, 405 (1991); *EF v. Derwinski*, 1 Vet. App. 324, 326 (1991).

Upon consideration of the record, the motion of the Secretary of Veterans Affairs for summary affirmance, and the appellant's informal brief, it is held that the May 7, 1991, BVA decision is vacated, and the record remanded to the BVA for prompt conduct of a new physical examination of the claimant, readjudication, on the basis of all evidence and material of record, and issuance of a new decision supported by an adequate statement of reasons or bases—all in accordance with this decision. *See* 38 U.S.C. §§ 5107(a), 7104(a), (d)(1) (formerly §§ 3007, 4004); *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). It is further held that summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by our precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Court retains jurisdiction. The Secretary shall file with the Clerk and serve upon the appellant a copy of any Board final decision on remand. Within 14 days after such filing, the appellant shall notify the Clerk whether she desires to seek further review by the Court.

VACATED AND REMANDED.