Charles A. SMITH, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 90–166.

United States Court of Veterans Appeals.

July 14, 1992.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, veteran Charles A. Smith, appeals from a November 28, 1989, decision of the Board of Veterans' Appeals (BVA or Board) denying service-connected disability compensation for an acquired psychiatric disorder and a left-eye disorder. The Board's decision will be affirmed in part and vacated and remanded in part.

After the appellant had filed his brief, the Secretary of Veterans Affairs (Secretary) submitted a motion for remand to the BVA, asserting that the Board had failed to conduct the proper analysis for determining whether there was "new and material" evidence to reopen the claim. On February 21, 1992, the Court ordered the parties to show cause why the Court should not affirm the BVA decision on the grounds that there was no new and material evidence to reopen the appellant's claims. In his response, the Secretary withdrew his motion for remand and submitted a motion for summary affirmance. The pro se appellant opposed summary affirmance.

■ The veteran's claim for service connection of an acquired psychiatric disorder was denied by a prior final Board decision in September 1977. R. at 40. His claim for service connection of a left-eye disability was denied by prior final Board decisions in September 1977 and December 1985. R. at 40, 73. Pursuant to 38 U.S.C. § 5108 (formerly § 3008), a previously disallowed claim must be reopened by the Secretary when "new and material evidence" is presented or secured with respect

to that claim. *See* 38 U.S.C. § 7104(b) (formerly § 4004). On claims to reopen previously disallowed claims, the BVA must conduct a two-step analysis. *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *Jones (McArthur) v. Derwinski*, 1 Vet.App. 210, 215 (1991).

■ In its November 28, 1989, decision, the BVA failed to conduct this two-step analysis with respect to the appellant's psychiatric disorder and left-eye disability claims. Although the Board erred by failing to apply the proper standard upon reopening, its error was harmless because the claims should not have been reopened. The determination as to whether evidence is "new and material" is a conclusion of law which this Court reviews de novo under 38 U.S.C. § 7261(a)(1) (formerly § 4061). *See Masors v. Derwinski*, 2 Vet. App. 181, 185 (1992); *Jones*, 1 Vet.App. at 213; *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). Under *Colvin, supra*, evidence is new and material only if not cumulative and if it is "relevant and probative" and there is "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome."

The evidence submitted by the appellant in support of his claims to reopen consists of medical records from 1984 to 1988; excerpts from a medical text concerning the eye disorder from which the appellant suffers; and his May 18, 1988, personal hearing testimony before a Department of Veterans Affairs (VA) Regional Office. None of this evidence provides a basis for finding that the appellant's current psychiatric and eye conditions were incurred in or aggravated by his service. Therefore, the evidence is not "material", since, although "probative" of one of the elements of the claim (current disability), there is no reasonable possibility that the new evidence, when

viewed in the context of all the evidence, would change the outcome of the prior BVA decisions. The veteran's claims should not have been reopened, and any error attendant on the BVA's denial of them in November 1989 was, therefore, harmless error. *See* 38 U.S.C. § 7261(b) (formerly § 4061); *Kehoskie v. Derwinski,* 2 Vet.App. 31, 34 (1991); *Godwin v. Derwinski,* 1 Vet.App. 419, 425 (1991); *Thompson v. Derwinski,* 1 Vet.App. 251, 254 (1991).

█ The veteran, however, raised an additional claim to the Board, which the Board failed to address. At his May 18, 1988, hearing, the appellant submitted to the hearing officer a medical report dated October 4, 1968, stating in part: "Mr. Smith is 29, WSC, auth for 1st adm.". R. at 106. The veteran asserted that "WSC" stands for "with service connection", and demonstrates that he was previously awarded service-connected status for his conditions and should be granted compensation pursuant to that award. R. at 191, 87–88. The appellant again raised this argument in his informal brief in this Court. *See Hesse v. Derwinski,* 2 Vet.App. 359, 361 (1992) (remand required because Board failed to discuss whether veteran was entitled to benefits under a previous rating).

█ The BVA is required to review all issues which are reasonably raised from all documents and oral testimony of the claimant submitted prior to the BVA decision. *See Douglas v. Derwinski,* 2 Vet.App. 435, 438–39 (1992) (en banc); *EF v. Derwinski,* 1 Vet.App. 324, 326 (1991); *Myers v. Derwinski,* 1 Vet.App. 127, 130 (1991). Since the veteran here reasonably raised to the BVA a claim that he was previously awarded service-connected status for his conditions, the BVA, at a minimum, was required to respond to that claim. *See EF, supra; Myers, supra.* "The BVA may conclude that a claim was not well grounded, that the claimant did not meet the initial burden imposed by [§ 5107(a) (formerly § 3007)], and that there was no duty to provide assistance to the claimant", but must provide an adequate statement of the reasons or bases for such conclusions.

*Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990); *cf. Godwin, supra* (BVA must respond to a claimant's request for assistance one way or the other).

Upon consideration of the record, the Secretary's motion for summary affirmance, the appellant's informal brief, and various other pleadings filed by the parties, the Court holds as follows: (1) there is no new and material evidence to justify reopening of the veteran's claim for service-connected disability compensation for an acquired psychiatric disorder or a left-eye disorder, and the November 28, 1989, BVA decision is affirmed as to those claims; and (2) the BVA erred in failing to respond to the appellant's claim that he is entitled to compensation on the basis of an earlier award of service connection, and the record is remanded to the BVA for the purpose of determining whether that claim is well-grounded, and, if so, assisting the veteran in developing the facts pertinent to that claim and adjudicating the claim. The Court retains jurisdiction over that remanded claim. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by our precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet. App. 23, 25–26 (1990). The Secretary shall file with the Clerk (as well as serve upon the appellant) a copy of any Board final decision on remand. Within 14 days after such filing, the appellant shall notify the Clerk whether he desires to seek further review by the Court.

AFFIRMED IN PART AND VACATED AND REMANDED IN PART.