Feliciano A. BALICAT, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–1478.

United States Court of Veterans Appeals.

Sept. 28, 1992.

Before KRAMER, Associate Judge.

MEMORANDUM DECISION

KRAMER, Associate Judge:

Appellant appeals a July 16, 1990, decision of the Board of Veterans' Appeals (BVA) which denied him an increased rating for his service connected conditions involving the right lower leg, right scapula, right fibula and tibia, and right arm. The BVA, in rendering its denial, provided the following reason: "In the absence of a demonstration, supported by detailed clinical findings, of increased impairment of [the service connected conditions] ... increased ratings is [sic] not warranted at this time." *Feliciano A. Balicat*, BVA 90–23638, at 4 (July 16, 1990).

The relevant procedural history of this case, in addition to the BVA decision here on appeal, is comprised of a VA Form 21–2545, Report of Medical Examination for Disability Evaluation, dated September 8, 1987 (R. at 69–76); a prior BVA decision,

dated February 2, 1989 (R. at 80–88); and a claim for increase, dated May 29, 1989, and apparently filed with the VA on June 9, 1989 (R. at 90–91), which is the subject of the BVA decision here on appeal.

■■■■ The Court's recently decided case of *Proscelle v. Derwinski*, 2 Vet.App. 629 (1992) is dispositive. The Court stated therein as follows:

[The] claim for an increased rating presently on appeal is not a reopened claim subject to the requirement that there be "new and material" evidence to justify reopening under 38 U.S.C. § 5108 (formerly § 3008), *cf. Manio v. Derwinski*, 1 Vet.App. 140, 145–46 (1991); *Jones (McArthur) v. Derwinski*, 1 Vet.App. 210, 213–15 (1991), because the veteran claims that his service-connected disability has undergone an increase in severity *since* that prior claim ... The current claim is thus a new claim. It is not subject to the provisions of 38 U.S.C. §§ 7104(b) (formerly § 4004) and 5108 prohibiting reopening of previously disallowed claims except upon new and material evidence. In order to trigger the Secretary's duty to assist a VA claimant under 38 U.S.C. § 5107(a) (formerly § 3007), the claimant's evidentiary burden is to submit "evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded." *See Moore (Howard) v. Derwinski*, 1 Vet.App. 401, 405 (1991); *Murphy (Bonnie) v. Derwinski*, 1 Vet.App. 78, 81 (1990). "A well grounded claim is a plausible claim, one which is meritorious on its own or capable of substantiation. Such a claim need not be conclusive but only possible to satisfy the initial burden of [§ 5107(a) ]." *Moore, supra (quoting Murphy, supra* ). In the present case, service connection for the veteran's ... condition [is] established.... Evidence on file at the time of the previous Board decision ... indicated that the condition caused some interference ..., although not to a compensable level.... The veteran [later claimed] that the condition had worsened.... Under these circumstances, the Court holds that the veteran submit-

ted a plausible and, thus, well-grounded claim for an increased rating for his service-connected [condition].

Once a claimant has satisfied his or her initial burden of submitting a well-grounded claim, VA has an affirmative duty to "assist such a claimant in developing the facts pertinent to the claim." 38 U.S.C. § 5107(a); *see Masors v. Derwinski*, 2 Vet.App. 181, 186 (1992); *Littke v. Derwinski*, 1 Vet.App. 90, 91 (1990). As noted above, the veteran's claim is that his disability increased in severity ... The most recent examination of his service-connected ... condition was [two years prior to the BVA decision which preceded the new claim for increased disability]. The record before the BVA, therefore, was inadequate for evaluating the current state of the veteran's service-connected disability. Where the record is inadequate for the purpose of fairly deciding the veteran's claim, VA's statutory duty to assist requires it to help a claimant develop the facts pertinent to his or her claim prior to deciding it. *See Littke*, 1 Vet.App. at 93.

Because the record before the BVA contained no evidence of the then-current level of the veteran's service-connected disability, fulfillment of the VA assistive duty in this case "include[d] the conduct of a thorough and contemporaneous medical examination, one which takes into account the records of prior medical treatment, so that the evaluation of the claimed disability is a fully informed one." *Green (Victor) v. Derwinski*, 1 Vet.App. 121, 124 (1991); *see Wilson (Lawrence) v. Derwinski*, 2 Vet.App. 16, 21 (1991); *Parker (Robert) v. Derwinski*, 1 Vet.App. 522, 526 (1991); *Moore, supra; EF v. Derwinski*, 1 Vet.App. 324, 326 (1991). "Where the record does not adequately reveal the current state of the claimant's disability, a VA examination must be conducted." *Schafrath v. Derwinski*, 1 Vet.App. 589, 595 (1991). Therefore, a medical examination for the purpose of determining the current level of the veteran's service-connected disability must be conducted before the claim

can fairly be adjudicated. The examiner should have the veteran's full claims file available for review, and should express an opinion as to the level of disability caused by the veteran's service-connected condition, ...

*Proscelle,* 2 Vet.App. at 631–32.

In addition, the Court notes that appellant has raised on a number of occasions during the administrative process issues relating to total disability for unemployability (e.g., S.R. at 3) and payment of only half the disability benefit to which he is entitled (e.g., S.R. at 1). *See* 38 U.S.C. § 107. The BVA decision, however, erroneously failed to address these issues. The BVA must address "all issues reasonably raised from a liberal reading of appellant's substantive appeal." *Myers v. Derwinski,* 1 Vet.App. 127, 129–30 (1991).

For the reasons stated, the decision of the BVA is vacated and remanded for further proceedings consistent with this decision. Upon remand, appellant is free to provide additional evidence if he desires.