**Buel D. KEEN, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91–1510.**

United States Court of Veterans Appeals.

Oct. 7, 1992.

Before KRAMER, Associate Judge.

ORDER

The Court has reviewed the filings of the parties and the record on appeal.

In regard to appellant's claim for entitlement to service connection for post-traumatic stress disorder (PTSD), the Court affirms the decision of the Board of Veterans' Appeals (BVA). The record contains neither a diagnosis of PTSD nor clinical evidence confirming appellant's self-diagnosis.

In regard to appellant's claim for entitlement to an increased disability rating for gastrectomy, currently rated at 20%, the Court observes the G.I. endoscopy report of November 2, 1988, which contains the "impression" of "severe esophagitis" (R. at 111) and appellant's allegations of symptomatology. These allegations are as follows: "stomach ... on fire constantly. I vomit alot [sic] ... get nausiated [sic] and have dizzy spells frequently ... have bowel irregularity constantly ... also constantly feel drained or fatigued" (R. at 105); "daily nausea, diarrhea, circulatory problems, anemia and hypoglycemic condition", (R. at 116); "I eat constantly to maintain my weight ... I have diarrhea ... constant gas with a burning sensation in my stomach and esophagus ... anemia and dizzyness" (R. at 177, 215, 226–27). In order to support an increased rating (40% is the next rating upward from 20%) under 38 C.F.R. § 4.114, Diagnostic Code (DC) 7308 (1991), the applicable DC, the evidence must establish moderate postgastrectomy syndrome with "episodes of epigastric disorders with characteristic mild circulatory symptoms after meals [and] ... with diarrhea and weight loss". As to the G.I. endoscopy report, the BVA failed to give reasons or bases for discounting this report. 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)); *Gilbert v. Derwinski*, 1 Vet. App. 49, 57 (1990). As to the allegations of symptomatology, while the BVA stated that an increased rating was not warranted, it did not specifically address these allegations in the context of a comparison between the 20% and 40% rating criteria and the applicability of 38 C.F.R. §§ 4.21, 4.7 (1991).

The Court further observes that a diagnosis of psychophysiological gastrointestinal reaction was made in an August 25, 1977, special psychiatric examination. R. at 58. This diagnosis is again found, more recently, in a VA compensation and pension examination, dated January 11, 1990, which states "... an additional diagnosis of psychophysiological gastrointestinal reaction can be considered." R. at 139. The BVA has failed to acknowledge this diagnosis and to address whether or not the appellant is entitled to either direct or secondary service connection for it. *See* 38 C.F.R. § 3.310 (1991). The BVA is to address "all issues reasonably raised from a liberal reading of appellant's substantive appeal." *Myers v. Derwinski*, 1 Vet.App. 127, 129–30 (1991). Consequently, it is

ORDERED that the part of the BVA decision denying appellant's claim for PTSD is affirmed. It is further

ORDERED that the part of the BVA decision denying appellant an increased disability rating under DC 7308 is vacated and remanded for proceedings consistent with this order. It is further

ORDERED that on remand the BVA is to make specific findings as to whether appellant has psychophysiological gastrointestinal reaction, and, if so, to determine the relationship between appellant's service-connected condition and the psychophysiological condition, and to assign the degree of additional disability, if any, resulting therefrom. It is further

ORDERED that, prior to readjudication, the BVA shall obtain a new medical examination of appellant pursuant to 38 C.F.R. § 3.326 (1991), addressing the issues raised in this order.