Henry MILLS, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary
of Veterans Affairs, Appellee.

No. 90–512.

United States Court of Veterans Appeals.

Oct. 29, 1992.

Before STEINBERG, Associate Judge.

### MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, World War I veteran Henry Mills, appeals a March 30, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying service-connected disability compensation for back and lung disorders. The present appeal represents the latest stage of a claim that apparently was first filed by the veteran in 1921. Although the veteran's conviction as to the validity of his claim is truly admirable, the Court must hold that he has not submitted new and material evidence to justify reopening his claim, nor provided a basis for reversing or amending prior final BVA decisions on the basis of clear and unmistakable error. The decision of the BVA will, therefore, be affirmed.

The veteran's claims for service connection for back and lung disorders were denied by eight prior final Board decisions between 1938 and 1983. R. at 1–41. Pursuant to 38 U.S.C. § 5108 (formerly § 3008), the Secretary of Veterans Affairs (Secretary) must reopen a previously and finally disallowed claim when "new and material evidence" is presented or secured

with respect to that claim. *See Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991); *Jones (McArthur) v. Derwinski*, 1 Vet. App. 210, 215 (1991); 38 U.S.C. § 7104(b) (formerly § 4004). "New" evidence is evidence which is not "merely cumulative" of other evidence in the record. *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). For evidence to be "material" for purposes of section 5108, "there must be a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin, supra.*

■ In its March 30, 1990, decision, the BVA stated that "[t]he evidence received since the most recent Board decision refers to ongoing and relatively recent treatment and evaluation and does not relate any current back disorder, including arthritis[,] or a lung disorder, to the veteran's active service", and concluded: "The evidence received since the January 1983 Board decision is not new and material for finding that chronic acquired lung and back disorders were present in service or that arthritis or bronchiectasis was manifested within one year thereafter." *Henry Mills*, BVA 90–04164, at 5 (Mar. 30, 1990). The determination as to whether evidence is "new and material" is a conclusion of law which this Court reviews de novo under 38 U.S.C. § 7261(a)(1) (formerly § 4061). *See Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992); *Jones v. Derwinski*, 1 Vet.App. at 213; *Colvin, supra.* On the basis of such review, the Court agrees with the BVA's finding that the veteran here did not submit new and material evidence. The evidence submitted since the prior denial of his claim in 1983 consists only of records reflecting recent medical treatment for various conditions, including lung and back disorders; none of that evidence suggests a relationship between the veteran's current disabilities and his service. Therefore, there is not a "reasonable possibility" that this evidence, viewed in the context of all the evidence, would change the outcome of the claim.

In addition to his claim to reopen on the basis of new and material evidence, the veteran also asserts that the prior BVA decisions contained error, and that the BVA, in its prior decisions, failed to consider all of the evidence in his record. R. at 66, 82, 86. Specifically, the veteran asserts that the BVA failed to consider statements from physicians, which the veteran first submitted in 1923, indicating that the veteran received treatment for a lung disability within one year after separation from service, and stating an opinion that the lung condition was caused by exposure to gas (the veteran asserts that his lung condition was caused by in-service exposure to gas). These assertions must be construed as a claim for reversal of the prior BVA decisions on the basis of "clear and unmistakable error". *See* 38 C.F.R. § 3.105(a) (1991) (where previous determinations contained clear and unmistakable error, those determinations will be reversed or amended); *Russell v. Principi*, 3 Vet.App. 310, 313–15 (1992) (consolidated with *Collins v. Principi*, No. 90–416) ("clear and unmistakable error" is error in a prior final decision, the existence of which is "undebatable" based on the record and the law that existed at the time of that decision) (*Russell/Collins*).

■ The BVA is required to review all issues which are reasonably raised from all documents and oral testimony of the claimant submitted prior to the BVA decision. *See Douglas v. Derwinski*, 2 Vet.App. 435, 438–39 (1992) (en banc); *EF v. Derwinski*, 1 Vet.App. 324, 326 (1991); *Myers v. Derwinski*, 1 Vet.App. 127, 130 (1991). Since the veteran here reasonably raised to the BVA a claim of clear and unmistakable error in the prior BVA decisions, the BVA, at a minimum, was required to respond to that claim. *See EF, supra; Myers, supra; cf. Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990) (BVA may conclude that a claim was not well grounded or that the claimant did not meet his initial burden of proof, but must state its reasons or bases for such conclusions); *Godwin v. Derwinski*, 1 Vet. App. 419, 425 (1991) (BVA must respond to a claimant's request for assistance one way or the other). The BVA, in its March 30, 1990, decision, did not address the veter-

an's claim of clear and unmistakable error in the prior BVA decisions.

■ Although the BVA's failure to respond to the veteran's argument was error, the Court holds that the error was harmless and that the BVA decision must be affirmed. *See* 38 U.S.C. § 7261(b) (formerly § 4061) (Court "shall take due account of the rule of prejudicial error"); *Kehoskie v. Derwinski,* 2 Vet.App. 31, 34 (1991); *Godwin, supra.* The veteran's claim that evidence submitted in 1923 was never considered by the BVA has been considered and denied in several prior BVA decisions. Most recently, in a September 27, 1974, decision, the BVA addressed the same argument the veteran presented in the current appeal, and held that the previous Board decisions denying service connection for back and lung disabilities "were final in nature and are not shown to have been clearly and unmistakably erroneous." R. at 27. In that decision, the Board specifically discussed the 1923 physician's statement indicating that the veteran was treated for a lung condition within one year of service and that the physician believed the condition to be related to gas exposure. However, the BVA stated that the physician's statement was "not considered specific enough in regard to the nature and extent of the veteran's disabilities in order to establish service connection", and that the 1923 statement conflicted with a 1921 signed statement by the same physician characterizing the veteran's condition in March 1920 as "pneumonia ... with a complete hepatization of the lower left lobe of the lung", and with other evidence indicating that the veteran "had other respiratory or lung abnormalities which were associated with his [non-service-connected] bronchitis." R. at 26.

It is thus apparent that the BVA previously addressed the veteran's contentions that the prior BVA decisions were clearly and unmistakably erroneous on the basis that the BVA had failed adequately to consider the evidence indicating treatment for a lung condition within one year of separation from service. Those prior determinations of the veteran's claim that clear and unmistakable error had been committed are final. As the Court held in *Russell/Collins:*

> [O]ur imprimatur on the remedy created by the Secretary as to "clear and unmistakable error" does not mean that the same issue may be endlessly reviewed.... Once there is a final decision on the issue of "clear and unmistakable error" because the [agency of original jurisdiction] decision was not timely appealed, or because a BVA decision not to revise or amend was not appealed to this Court, or because this Court has rendered a decision on the issue in that particular case, *that particular claim of "clear and unmistakable error"* may not be raised again.... It is *res judicata.*

*Russell/Collins,* 3 Vet.App. at 315 (boldface italics added). Here, the veteran's claim of clear and unmistakable error in prior BVA decisions is the same claim that was previously and finally denied by the Board in its 1974 decision. Therefore, the Court holds that the BVA's failure in May 1990 to respond to the veteran's claim of clear and unmistakable error was not prejudicial error.

Upon consideration of the record, the Secretary's motion for summary affirmance, and the appellant's informal brief, it is held that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(1), 7261 (formerly §§ 4052, 3007, 4004, 4061) and the analysis in *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). It is further held that summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990). Because the evidence submitted since the previous BVA denial in January 1983 is not new and material, and because his claim of clear and unmistakable error was previously and finally denied, there is no basis for reopening the veteran's claim or reversing

or amending the prior BVA decisions. Therefore, the Secretary's motion for summary affirmance is granted and the March 30, 1990, BVA decision is affirmed.

AFFIRMED.