**James F. MYERS, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 90–221.**

United States Court of Veterans Appeals.

April 2, 1993.

**4**

D.M. Samsil, Birmingham, AL, was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, Killeen, TX, Norman L. Cooper, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, Falls Church, VA, and Stephen A. Bergquist, Boston, MA, were on the brief for appellee.

Before KRAMER, MANKIN and HOLDAWAY, Associate Judges.

KRAMER, Associate Judge:

Appellant, James F. Myers, appeals a May 11, 1992, decision of the Board of Veterans' Appeals (BVA) insofar as it denied appellant entitlement to service connection for a psychiatric disorder and a back disorder. The BVA decision presently on appeal resulted from the Court's decision of January 18, 1991, remanding the BVA's decision of December 18, 1989. *See Myers v. Derwinski*, 1 Vet.App. 127 (1991). The Court has jurisdiction under 38 U.S.C.A. § 7252(a) (West 1991).

As counsel for appellant did not raise, on appeal, the issue of the BVA's denial of entitlement to service connection for a condition of both feet, that issue is not a subject of this appeal. *Cf.* Vet.App.R. 28(a)(3), (4), (5).

Appellant served on active duty from October 1968 to December 1975.

■ As to appellant's claim for service connection · for a psychiatric disorder, the only in-service evidence possibly relating to a service-connected psychiatric disorder, *see* 38 C.F.R. §§ 4.127, 4.132 (1992), is an October 4, 1974, health record entry stating "very nervous" (R. at 33), and an entry on the November 18, 1975, separation examination stating "[d]epression and nervousness—situational." R. at 49. The first diagnosis, in the record, of a psychiatric disorder did not occur until 1987 (R. at 61), almost twelve years after separation from service. Because there is no diagnosis in service, no continuity of treatment after discharge, and the first diagnosis occurred almost twelve years after discharge, *see* 38 ·C.F.R. § 3.303(b) (1992), the BVA's determination that appellant's psychiatric condition "did not begin or worsen in service," *James F. Myers*, BVA No. 92–___, at 6 (May 11, 1992), is not implausible, and therefore, cannot be deemed clearly erroneous. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990).

■ As to appellant's claim for a back disorder, the Court notes the following evidence. An examiner on March 23, 1973, had the impression that appellant had acute lumbosacral strain. R. at 25. An examiner, on March 26, 1973, had the impression of a possible pulled muscle. R. at 26. A limiting physical profile was given to appellant on March 26, 1973. R. at 27. A radiographic report of March 27, 1973, was negative. R. at 29. Appellant went to physical therapy on the same date. A January 25, 1974, health record entry stated "chronic [history] since March 73. Recent [history indicates a] day of intense pain. To M[edical] O[fficer] for follow up on chronic problem." R. at 31. On September 16, 1988, appellant was diagnosed with lumbosacral arthralgia. R. at 84.

Because the entry of January 25, 1974, indicated a "chronic problem," the BVA should have obtained a medical examination or opinion, *see* 38 U.S.C.A. § 7109

(West 1991); 38 C.F.R. §§ 3.326, 3.327, 3.328, 20.901 (1992), as to the relationship of appellant's in-service and present conditions. *See* 38 U.S.C.A. § 5107(a) (West 1991); 38 C.F.R. §§ 3.159, 3.303(b) (1992).

That part of the decision of the BVA denying entitlement to service connection for a psychiatric condition is AFFIRMED. That part of the BVA decision denying entitlement to service connection for a back disorder is VACATED and REMANDED for proceedings consistent with this decision.