**Fay E. BARBOUR, Appellant,**

**v.**

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91–1338.**

United States Court of Veterans Appeals.

Nov. 17, 1992.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, World War II era veteran Fay E. Barbour, appeals a May 29, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying service-connected disability compensation for a left-knee disability, which the appellant claims was aggravated by service. *Fay E. Barbour*, BVA 91-___ (May 29, 1991). The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet. App. 23, 25–26 (1990). Because the appellant has not submitted new and material evidence to justify reopening his claim, nor provided a basis for reversing or amending prior final BVA decisions on the basis of clear and unmistakable (or obvious) error, the Court will affirm the decision.

The veteran's claim for service connection for a left-knee disability was denied by a prior final decision of a Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) in 1944, and by prior final BVA decisions in August 1974, January 1975, Octo-ber 1975, October 1976, August 1978, July 1985, and March 1988. R. at 20–23, 26–29, 49–56, 97–101, 124–29, 141–47. Pursuant to 38 U.S.C. § 5108 (formerly § 3008), the Secretary must reopen a previously and finally disallowed claim when "new and material evidence" is presented or secured with respect to that claim. *See Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991); *Jones (McArthur) v. Derwinski*, 1 Vet. App. 210, 215 (1991); 38 U.S.C. § 7104(b) (formerly § 4004). On claims to reopen previously and finally disallowed claims, the BVA must conduct a two-step analysis. *Manio, supra.* First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *Jones, supra; Manio supra.* "New" evidence is evidence which is not "merely cumulative" of other evidence in the record. *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). For evidence to be "material", it must be "relevant and probative" and "there must be a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin, supra.*

The determination as to whether evidence is "new and material" is a conclusion of law which this Court reviews de novo under 38 U.S.C. § 7261(a)(1) (formerly § 4061). *See Masors v. Derwinski*, 2 Vet. App. 181, 185 (1992); *Jones*, 1 Vet.App. at 213; *Colvin, supra.* In its March 30, 1990, decision, the BVA stated: "After a careful review of the record, the Board concludes that the evidence which has been added to the record since 1988 is neither new nor material because it consists solely of duplicates of medical and lay statements previously considered by the [BVA]." *Barbour*, BVA 91-___, at 5. The Court agrees with the BVA's finding that the veteran did not submit new evidence. Duplicates of rec-

ords that were previously before the Board are not new and, hence, do not provide a basis for reopening the appellant's claim.

The BVA is required to review all issues which are reasonably raised from all documents and oral testimony of the claimant submitted prior to the BVA decision. *See Douglas v. Derwinski*, 2 Vet.App. 435, 438–39 (1992) (en banc); *EF v. Derwinski*, 1 Vet.App. 324, 326 (1991); *Myers v. Derwinski*, 1 Vet.App. 127, 130 (1991). In a December 13, 1990, statement submitted in support of the appellant's appeal to the BVA, which the appellant has also submitted as his brief to this Court, the appellant's former representative asserted that the 1944 VARO decision and subsequent BVA decisions contained "obvious errors" and that the BVA, in its prior decisions, failed to conduct necessary evidentiary development to determine the degree of the appellant's preexisting disability and failed to consider pertinent regulations (specifically 38 C.F.R. §§ 3.103(b), 3.304, 3.306, 3.322, and 4.6). Br. at 3–7. These assertions must be construed as also being a claim for reversal of the prior RO and BVA decisions on the basis of "clear and unmistakable error". *See* 38 C.F.R. § 3.105(a) (1991) (where previous determinations contained clear and unmistakable error, those determinations will be reversed or amended); *Russell v. Principi*, 3 Vet.App. 310, 312–14, No. 90–396 (1992) (consolidated with *Collins v. Principi*, No. 90–416) (en banc) ("clear and unmistakable error" is error in a prior final decision, the existence of which is "undebatable" based on the record and the law that existed at the time of that decision) (*Russell/Collins* ).

■ Because the veteran here reasonably raised to the BVA a claim of clear and unmistakable error in the prior BVA decisions, the BVA, at a minimum, was required to respond to that claim. *See EF, supra; Myers, supra; cf. Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990) (BVA may conclude that a claim was not well grounded or that the claimant did not meet his initial burden of proof, but must state its reasons or bases for such conclusions); *cf. Godwin v. Derwinski*, 1 Vet.App. 419, 425

(1991) (BVA must respond to a claimant's request for assistance one way or the other). The BVA, in its May 29, 1991, decision, although expressly acknowledging the veteran's contention of "obvious errors in the initial rating decision ... and all subsequent [BVA] decisions of denial" (*Barbour*, BVA 91-____, at 3), did not address this claim of clear and unmistakable (or obvious) error in the prior decisions.

■ Although the BVA's failure to respond to the veteran's argument was error, the Court holds that the error was harmless and that the BVA decision must be affirmed. *See* 38 U.S.C. § 7261(b) (formerly § 4061) (Court "shall take due account of the rule of prejudicial error"); *Kehoskie v. Derwinski*, 2 Vet.App. 31, 34 (1991); *Godwin, supra*. The veteran's claim that the Board erred in its prior decisions by failing to conduct necessary evidentiary development and failing to consider applicable regulations was considered and denied by the BVA in two prior final decisions. In October 1975, an expanded panel of the Board considered the appellant's claims of error in the prior final decisions and concluded that there was "no obvious substantive error which would warrant a change in the prior decisions" and that "[m]aterial omission of evidence or failure to properly apply laws and regulations is not demonstrated". R. at 55. In August 1978, an expanded panel of the Board concluded that there was no obvious error in the October 1976 BVA decision.

In *Russell/Collins*, the Court stated:
[O]ur imprimatur on the remedy created by the Secretary as to "clear and unmistakable error" does not mean that the same issue may be endlessly reviewed.... Once there is a final decision on the issue of "clear and unmistakable error" because the [agency of original jurisdiction] decision was not timely appealed, or because a BVA decision not to revise or amend was not appealed to this Court, or because this Court has rendered a decision on the issue in that particular case, *that particular claim of "clear and unmistakable error"* may not be raised again.... It is *res judicata*.

*Russell/Collins,* 3 Vet.App. at 315–16 (boldface italics added). Although the claim of error previously decided by the Board and the claim of error raised by the appellant here are phrased in terms of "obvious error", rather than "clear and unmistakable error", the application of the doctrine of res judicata remains the same. The grounds of the appellant's present claim of obvious error, which the Court construes as also being a claim of "clear and unmistakable error", are indistinguishable from the grounds of the "obvious error" claim that was previously and finally denied by the Board in 1975 and 1978. Therefore, the Court holds that the BVA's failure in May 1990 to respond to the veteran's claim of clear and unmistakable (or obvious) error was not prejudicial error.

Upon consideration of the record, the Secretary's motion for summary affirmance, and the appellant's informal brief, the Court holds that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(1), 7261 (formerly §§ 4052, 3007, 4004, 4061) and the analysis in *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). Because the evidence submitted since the previous BVA denial in 1988 is not new and material, and because his claim of clear and unmistakable (or obvious) error was previously and finally denied, there is no basis for reopening the veteran's claim or reversing or amending the prior BVA decisions. Therefore, the Court grants the Secretary's motion and affirms the May 29, 1991, BVA decision.

AFFIRMED.