**Severina B. ARCALA, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 90–1522.**

United States Court of Veterans Appeals.

Jan. 15, 1993.

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, widow of World War II veteran Reynaldo Arcala, appeals an October 18, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to an effective date earlier than November 3, 1988, for non-service-connected death pension benefits. *Severina B. Arcala in the Case of Reynaldo Arcala*, BVA 90–34935 (Oct. 18, 1990) (*Arcala*). The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. The Court held this case in abeyance awaiting the outcome of the en banc appeal in *Russell v. Principi*, 3 Vet.App. 310 (1992) (consolidated with *Collins v. Principi*, No. 90–416). Now that that case has been decided, summary disposition of this case is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). Because the appellant has not provided a basis for reversing or amending prior final BVA decisions on the basis of clear and unmistakable (or obvious) error, the Court will affirm the October 18, 1990, BVA decision.

I. BACKGROUND

The appellant's husband died in November 1983. R. at 3. In December 1983, the appellant applied to the Veterans' Administration (now Department of Veterans Affairs) (VA) for non-service-connected improved pension. R. at 3; *see* 38 U.S.C. § 1541(a) (formerly § 541). The VA Regional Office (RO) denied her claim because her income, which included life insurance benefits, Philippines Social Security benefits, and possible accrued benefits from her husband's then-current claim for VA pen-

sion benefits during his lifetime, exceeded the statutory limit for pension eligibility. R. at 9; *see* 38 U.S.C. § 1541(a), (c).

In a September 25, 1984, decision, the RO awarded the appellant accrued benefits under 38 U.S.C. § 3021 (now § 5121), finding that the veteran had been entitled to non-service-connected pension benefits based on permanent and total disability, under 38 U.S.C. § 521(a) (now § 1521), from August 8, 1983, until his death on November 12, 1983. R. at 11. On October 29, 1984, the appellant filed an income statement reflecting income only from Philippines Social Security benefits. R. at 14. She was awarded VA non-service-connected death pension benefits effective November 29, 1984. R. at 67. In a November 8, 1985, decision, the RO awarded additional accrued benefits under 38 U.S.C. § 3021, finding that the veteran's entitlement to pension benefits during his lifetime ran from August 9, 1982, until his death on November 12, 1983. R. at 47.

In January 1986, the appellant was informed by the VA that her death pension benefits would be discontinued beginning February 1, 1986, because her income, which included the award of accrued benefits under 38 U.S.C. § 3021, exceeded the statutory limit for pension entitlement. R. at 55. The effective date of the discontinuance was subsequently changed to April 1, 1986. R. at 68. In several letters to the VA in 1985 and 1986, the appellant asserted that the life insurance proceeds and the accrued VA benefits awarded to her should not have been considered income for purposes of determining her VA pension entitlement and that her pension benefits, therefore, should not have been discontinued. R. at 35, 42, 57, 62, 64, 71. Specifically, she claimed that 38 C.F.R. § 3.272 excluded life insurance proceeds from her countable income for pension purposes where the insurance premiums had been paid by the veteran, and that VA pension benefits to which the veteran was entitled during his lifetime were also so excluded. R. at 71.

In a July 13, 1987, decision, the BVA denied entitlement to pension benefits, con-

cluding that both the life insurance proceeds she received in 1983 or 1984 and the accrued VA benefits paid to her in 1985 and 1986 were properly considered income to the appellant for the year in which such payments were received. R. at 77–80. The Board noted that, under 38 U.S.C. § 503 (now § 1503) and 38 C.F.R. § 3.271(a), payments of any kind from any source are to be counted as income in the year received unless specifically excluded, and that there were no specific exclusions for either life insurance proceeds or accrued VA benefits. The Board noted that 38 C.F.R. § 3.272(c) specifically excluded from income VA pension benefits payments "under chapter 15 of title 38, United States Code", but concluded that the payment of accrued VA benefits to the appellant was made pursuant to 38 U.S.C. § 3021, in chapter 51, United States Code, rather than under chapter 15. R. at 79–80.

The appellant thereafter requested reconsideration of the Board's decision, asserting that the Board had erred in failing to apply properly the provisions of 38 C.F.R. §§ 3.272, 19.185, and 19.186. R. at 82–83. The Board granted reconsideration and in a September 29, 1988, decision, referencing a VA General Counsel's opinion that accrued VA benefits must be considered part of income for VA pension purposes, concluded that there was no "obvious error" of fact or law in the 1987 BVA decision which would warrant a change in that decision. R. at 95–100.

On November 3, 1988, the RO received a claim from the appellant for a restoration of her pension benefits. R. at 102. She was awarded pension benefits effective December 1, 1988. R. at 114. In letters dated August 25, 1989, and November 23, 1989, she stated that she sought an award of pension benefits retroactive to April 1, 1986, and requested reconsideration of the prior BVA decisions. R. at 122, 129. In support of her claim, she submitted a copy of a letter she had previously submitted to the RO in 1987, asserting that the BVA in July 1987 had erred in failing to apply properly 38 C.F.R. §§ 3.272, 19.195, and 19.196. R. at 130.

In its October 18, 1990, decision, the BVA denied entitlement to an effective date earlier than November 3, 1988, the date of her application for restoration of pension benefits. In response to the appellant's claim of error in counting her accrued VA pension benefits and life insurance proceeds as income, the Board stated:

> This was addressed in the [BVA] decision of July 1987 and upheld in the [BVA] reconsideration in September 1988. The appellant must understand that, once the [BVA] has rendered a decision, any issue addressed by that decision has been finally decided. Although the appellant has framed the issue for the Board at this time in a slightly different manner, she has essentially repeated the same arguments addressed by the [BVA] in its previous decisions.

*Arcala,* BVA 90–34935, at 3.

## II. ANALYSIS

The appellant's claim for payment of VA death pension benefits retroactive to April 1, 1986, was denied by prior final BVA decisions in July 1987 and September 1988. Pursuant to 38 U.S.C. §§ 5108 (formerly § 3008) and § 7104(b) (formerly § 4004), that claim may be reopened only upon submission of "new and material evidence". *See Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991); *Manio v. Derwinski,* 1 Vet. App. 140, 145 (1991). Here, the appellant has not submitted any new evidence to reopen her claim for pension benefits retroactive to April 1, 1986, and, therefore, that claim may not be reopened. *See Colvin, supra* ("new" evidence is evidence that is not "merely cumulative" of evidence previously in the record).

Pursuant to 38 C.F.R. § 3.105(a), the Board must revise previous RO or BVA decisions which were based on "clear and unmistakable error". *See Russell,* 3 Vet. App. at 313–14 ("clear and unmistakable error" is error in a prior final decision, the existence of which is "undebatable" based on the record and the law and regulation that existed at the time of that decision). Here, the appellant asserted to the Board that the prior BVA decision had contained "error" in the failure to apply properly the provisions of 38 C.F.R. §§ 3.272, 19.185, and 19.186. Just as the Court concluded in *Barbour v. Principi,* 3 Vet.App. 476, 478 (1992) (memorandum decision), these assertions must be construed as being a claim for reversal of the prior RO and BVA decisions on the basis of "clear and unmistakable error". *See Mata v. Principi,* 3 Vet.App. 558, 558–59 (1992); *EF v. Derwinski,* 1 Vet.App. 324, 326 (1991) (BVA must review all claims reasonably raised by liberal reading of appellant's submissions); *Myers v. Derwinski,* 1 Vet.App. 127, 130 (1991) (same); *see also Russell,* 3 Vet.App. at 313 (clear and unmistakable error may exist where "the statutory or regulatory provisions extant at the time were incorrectly applied").

In response to this claim of clear and unmistakable error in prior BVA decisions, the Board in 1990 stated that the appellant had "essentially repeated the same arguments addressed by the Board ... in its previous decisions." *Arcala,* BVA 90–34935, at 3. In *Russell,* the Court stated:

> [O]ur imprimatur on the remedy created by the Secretary as to "clear and unmistakable error" does not mean that the same issue may be endlessly reviewed.... Once there is a final decision on the issue of "clear and unmistakable error" because the [agency of original jurisdiction] decision was not timely appealed, or because a BVA decision not to revise or amend was not appealed to this Court, or because this Court has rendered a decision on the issue in that particular case, ***that particular claim of "clear and unmistakable error"*** may not be raised again.... It is *res judicata.*

*Russell,* 3 Vet.App. at 315 (boldface italics added). Here, the Board, in its September 1988 reconsideration decision, had specifically considered the appellant's arguments that 38 C.F.R. §§ 3.272, 19.195, and 19.196 had been misapplied by the Board in July 1987 and had concluded that there was no "obvious error" in the July 1987 decision so as to warrant a change in that decision. Although the claim of error previously decided by the Board was phrased in terms of "obvious error" rather than "clear and un-

mistakable error", the application of the doctrine of res judicata is the same. The grounds of the appellant's present claim of error, which the Court construes as being a claim of "clear and unmistakable error", *see Mata, supra,* are, as the Court recently said in *Barbour,* 3 Vet.App. at 479, "indistinguishable from the grounds of the 'obvious error' claim that was previously and finally denied by the Board" in 1988. Therefore, the Court holds that the BVA was not required in October 1990 to respond more specifically to the veteran's claim of clear and unmistakable (or obvious) error.

### III. CONCLUSION

Upon consideration of the record, the Secretary's motion for summary affirmance, and the appellant's informal brief, the Court holds that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(1), 7261 (formerly §§ 4052, 3007, 4004, 4061) and the analysis in *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). Because the evidence submitted since the previous BVA denial in 1988 is not new and material, and because the appellant's claim of clear and unmistakable (or obvious) error was previously and finally denied, there is no basis for reopening her claim or reversing or amending the prior BVA decisions. Therefore, the Court grants the Secretary's motion and summarily affirms the October 18, 1990, BVA decision.

AFFIRMED.