**Hermann ASCHERL, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–1682.

United States Court of Veterans Appeals.

March 12, 1993.

Hermann Ascherl, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen.

Counsel, and John D. McNamee were on the pleadings for appellee.

Before FARLEY, HOLDAWAY and IVERS, Associate Judges.

FARLEY, Associate Judge:

Appellant appeals from a July 8, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied service connection for an acquired psychiatric disorder, to include post-traumatic stress disorder (PTSD). The Court has jurisdiction under 38 U.S.C.A. § 7252(a) (West 1991). Because the Court concludes that the BVA failed to fulfill its statutory duty to assist appellant in developing his claim for service connection for PTSD pursuant to 38 U.S.C.A. § 5107(a) (West 1991), the BVA decision will be vacated and the matter remanded for further development.

### I. BACKGROUND

Appellant served on active duty, including a tour in Vietnam, in the United States Army from October 1964 to August 1967. R. at 5, 99. In June 1970, he was admitted to a Veterans' Administration (now Department of Veterans Affairs) (VA) hospital and diagnosed with paranoid schizophrenia. R. at 68–74. In a rating decision dated September 23, 1970, the VA regional office (RO) denied appellant's claim for service connection for a "nervous condition"; as the basis for the rating action, the RO noted: "No record of nervous disability in service. [Hospital record] shows diagnosis of schizophrenia, paranoid type. He has improved since admission." R. at 75. Appellant filed a Notice of Disagreement (NOD) in October 1970; in the NOD, appellant contended that prior to his period of active duty he had no nervous condition, but that after returning from Vietnam he began to have bad dreams, was unable to sleep, and feared that everyone was out to kill him. R. at 76–77, 84. In December 1970, the RO confirmed the denial of service connection, noting that appellant's submitted service medical records (SMRs) did not document any psychiatric disability during service or within the one year presumptive period. R. at 75, 86. The RO issued a Statement of the Case (SOC) to appellant on December 14, 1970. R. at 84–86. Because appellant did not perfect an appeal to the BVA, the RO's December 1970 rating decision became final. R. at 76–78.

In April 1973, appellant was readmitted to a VA hospital for treatment of his nervous disorder. R. at 87, 97, 101. Appellant submitted a letter to the RO, dated October 31, 1973, requesting that his claim for service connection for a nervous disorder be reopened. R. at 100. In a rating decision dated November 7, 1973, the RO determined that the "[e]vidence submitted does not constitute new and material evidence to reopen [appellant's] claim for [service connection] of [his] nervous condition." R. at 98. The record on appeal, however, suggests that appellant may not have received notice of this November 1973 rating action. *See* R. at 99. *Hermann Ascherl,* BVA ____, at 4–5 (July 8, 1991). Shortly thereafter, appellant submitted to the RO a letter from his brother, Oscar W. Ascherl, dated August 1, 1973, which noted that appellant was well before he enlisted in the Army, but that he had developed a nervous condition during his service in Vietnam. R. at 101, 113.

In October 1988, appellant filed a VA Form 21–4138 (STATEMENT IN SUPPORT OF CLAIM), seeking service connection for PTSD. R. at 128. On the Form 21–4138, appellant noted: "I realize I have been filling [sic] for and consistently denied a claim for a nervous condition. However, I didn't realize the medical problem I have been suffering is PTSD." *Id.* Appellant requested that the RO schedule a psychiatric examination in support of his claim for service connection for PTSD. *Id.*

The VA conducted a special neuropsychiatric examination on November 23, 1988. R. at 133. The examination, however, focused on appellant's nervous disorder, previously diagnosed as schizophrenia, rather than his alleged PTSD. *Id.* The examining physician noted that appellant's "story is classic for schizophrenia," and diagnosed appellant with "chronic paranoid schizophrenia in partial remission on medication."

R. at 133–34. The physician also stated that although he questioned appellant in detail, he was unable to determine whether or not appellant's schizophrenia began while he was in the service. R. at 133. As for appellant's asserted PTSD claim, the physician merely noted: "Someone suggested that since [appellant's] psychosis did not begin until several years after he got out of the service, that he should now claim service-connected disability on the basis of [PTSD]." *Id.*

Appellant filed another STATEMENT IN SUPPORT OF CLAIM on November 21, 1988, describing various stressors which he experienced during his service in Vietnam. R. at 135. He noted that his duties included grave registration and convoy missions, and that he was "poisoned through food by the Vietnamese and subsequently treated by a field medic which resulted in [him] being incapacitated for over a week...." *Id.* Appellant also stated that in 1968, he began to "experience nightmares, hallucinations, hearing voices," that he "was unable to go to sleep," and that he experienced "other disturbances." *Id.*

In a rating decision dated January 12, 1989, the RO denied appellant's claim for service connection for PTSD, noting that the "[SMRs] are silent for evidence of a nervous disorder" and that the "[c]urrent medical evidence fails to diagnose a [PTSD]." R. at 140. The RO also indicated that the "VA examination has diagnosed a chronic paranoid schizophrenia." *Id.* On April 14, 1989, appellant filed an NOD with the RO's January 1989 rating decision. R. at 142.

On June 9, 1989, the RO served appellant with another SOC which framed the issue before the RO as "[s]ervice connection for a [PTSD]." R. at 144–46. Appellant perfected an appeal to the BVA on June 19, 1989. R. at 147. Appellant appeared at a personal hearing before the RO in September 1989 and an RO hearing officer confirmed the January 1989 decision, finding that "[t]he evidence of record, including the testimony presented at the personal hearing, does not support a determination other than that previously rendered." R. at 159.

In a subsequent rating decision on appeal dated September 22, 1989, the RO confirmed the prior denial of service connection for PTSD. R. at 160.

In a decision dated December 29, 1989, the BVA remanded for further development the issue of "[e]ntitlement to service connection for an acquired psychiatric disorder, including a [PTSD]." R. at 161–63. The Board determined that a remand was necessary because the SOC issued in June 1989 indicated that the issue of entitlement to service connection for an acquired psychiatric disorder, currently diagnosed as paranoid schizophrenia, was not adjudicated by the RO as part of the veteran's reopened claim for PTSD, and because the veteran's new representative had not been provided with an SOC and a reasonable opportunity to respond to the SOC. *Id.*

A Supplemental Statement of the Case (SSOC) was issued to appellant and his new representative on March 8, 1990. R. at 166–67. On April 9, 1990, appellant's representative filed a VA Form 1–646 (STATEMENT OF ACCREDITED REPRESENTATIVE IN APPEALED CASE), in which he argued that the medical examination of appellant conducted in November 1988 was inadequate. R. at 168–69. Appellant's representative stated:

We contend that the examination conducted on November 23, 1988 should be declared as incomplete in that it did not address ... [PTSD], only the psychosis was set forth. We believe the examining doctor should have been directed to give his opinion as to whether or not the veteran had any evidence of post traumatic stress. An opinion is based on veteran's claim of November 21, 1988[,] and more recently veteran's reply to the recently [issued] [SSOC] dated 03–19–1990.

Without the aforementioned, we contend that due process still lacks in this viable appeal.

In a decision dated November 23, 1991, the BVA adjudicated the issue of "[e]ntitlement to service connection for an acquired psychiatric disorder, including a [PTSD]." R. at 172–74. The Board determined that an additional remand was necessary be-

cause the SSOC issued to appellant and his representative in March 1990 did not include the legal provisions used by the originating agency in determining service connection for a psychosis. R. at 173.

On December 12, 1990, the RO issued another SSOC to appellant and his representative on the issue of the "[p]ropriety of [the] review of [the] denial of service connection for schizophrenia." R. at 176–78. In the SSOC, the RO noted that the 1970 denial of service connection for a psychosis, diagnosed as schizophrenia, was confirmed and continued; as its "REASONS FOR DECISION," the RO stated:

> As previously noted, service connection ... was denied for a psychosis in 1970. Although a timely [NOD] from that determination was filed, and a[n] [SOC] was furnished, the veteran did not respond to the [SOC]. Therefore, his appellate rights as to that determination expired in 1971. No evidence material as to that issue has in the meantime been offered such as to afford a new factual basis for reconsideration of this issue.

R. at 178.

On April 23, 1991, appellant's representative presented his arguments before the RO for subsequent presentation to and review by the BVA. R. at 181. In his arguments, appellant's representative reiterated the need for the VA to schedule and conduct another medical examination of appellant to properly evaluate his claim for service connection for PTSD. *Id.* Appellant's representative stated:

> While we appreciate the Board's attempt to reconcile due process in order to advise the veteran and his representative of those pertinent laws and regulations that apply to the instant case, we still maintain that development has been compromised in regards to establishing a diagnosis of PTSD as depicted in the most recent rating examination, which is now quite dated, in 1988. We believe that some prudent development procedures under 38 C.F.R. 3.103 and 3.326 "reasonable probability" would certainly call for an adequate and up-to-date examination either by a specialist in psychiatry or a

board of three psychiatrists to either include or rule out a diagnosis of [PTSD] according to DSM–III[–]R, Section 309.-89, [PTSD], chronic or delayed....

*Id.* In a rating decision on appeal, dated February 13, 1991, on the issue of "[service connection] for [PTSD]; propriety of review of denial of service connection for schizophrenia," the Board merely noted that the rating decision appealed from is confirmed based on a review of "all information and statements received since [the] [r]emand [d]ecision dated 11–23–90." R. at 182.

In its decision dated July 8, 1991, the BVA determined that appellant apparently had not received notice of the 1973 rating decision; accordingly, the Board considered all of the evidence submitted since the first rating decision in 1970 in evaluating appellant's claim for service connection for an acquired psychiatric disorder, to include PTSD. *Ascherl,* BVA \_\_\_\_, at 4–5. The BVA found that a letter written by appellant's brother (R. at 101–02) was new and material for purposes of reopening appellant's claim. *Id.* at 5. The Board denied service connection, however, noting:

> [B]ecause the evidence does not show the presence of an acquired psychiatric disorder in service or within one year following the veteran's separation from service and because there is no evidence showing the presence of [PTSD], we find that a reasonable basis for granting service connection for an acquired psychiatric disorder, to include [PTSD], has not been presented. Thus, we hold that the basis of the prior decision by the originating agency that had denied service connection for a nervous condition has not been altered.

*Id.* at 6. Further, the Board determined that another medical examination of appellant on the issue of service connection for PTSD was not warranted; the Board noted:

> ... [B]ecause the veteran has never been shown by a mental health professional to have post-traumatic stress disorder, but instead has consistently been shown to have schizophrenia since 1970, it is our opinion that an additional VA examina-

tion is not warranted in order to reach an equitable decision with respect to his claim for service connection for [PTSD]." *Id.* Accordingly, the Board concluded that "[t]he rating decision of October 1970 is final and new and material evidence establishing a new factual basis warranting service connection for an acquired psychiatric disorder, to include [PTSD], has not been established." *Id.* at 6–7.

## II. ANALYSIS

■■■ Under 38 U.S.C.A. § 7104(b) (West 1991), a final decision by the BVA on a given claim "may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." The exception to this rule is 38 U.S.C.A. § 5108 (West 1991) which states that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary [of Veterans Affairs (Secretary)] shall reopen the claim and review the former disposition of the claim." *See Thompson v. Derwinski,* 1 Vet.App. 251, 252–53 (1991). New evidence is that which is not "merely cumulative of other evidence on the record"; material evidence is "relevant [to] and probative of the issue at hand" and presents "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both old and new, would change the outcome." *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). In *Manio v. Derwinski,* 1 Vet.App. 140 (1991), this Court established that the BVA must perform a two-step analysis when the veteran seeks to reopen a claim based upon new evidence.

> First, the BVA must determine whether the evidence is "new and material". 38 U.S.C. § [5108]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Id.* at 145 (citation omitted). Whether evidence submitted to reopen a previously disallowed claim is new and material under 38 U.S.C. § 5108 is a question of law which this Court reviews de novo. *Colvin,* 1 Vet. App. at 174.

■■ In the July 1991 decision, the BVA applied the first part of the *Manio* test, *supra,* and determined that the additional evidence was "new and material"; the Board concluded that "the letter from the veteran's brother which describes the veteran's behavior shortly after separation from service does bear directly and substantially on the matter under consideration" and found that "it is sufficient to cause a reopening of the veteran's original claim." *Ascherl,* BVA ____, at 5. Upon reviewing the additional evidence submitted, this Court agrees with the Board's determination that the letter from appellant's brother is "new and material," since it is noncumulative and is relevant to and probative of the issue of whether or not appellant's psychiatric disorder was incurred in or aggravated during his period of service.

■■ The Board then applied the second part of the *Manio* test, and denied the claim based on all the evidence, both new and old; the Board noted:

> Having determined the claim to be reopened, our task becomes to determine whether this evidence, considered in light of all the evidence, is sufficient to create a new factual basis warranting entitlement to service connection for an acquired psychiatric disorder. We hold that it does not alter the basis of the prior denial.

*Id.* As its basis for rejecting appellant's claim for service connection for an acquired psychiatric disorder, to include PTSD, the Board noted:

> ... [T]here are no medical records showing the presence of an acquired psychiatric disorder until 1970. Although the veteran's brother's letter is significant in view of this subsequent diagnosis, its description of the veteran's headaches and insomnia could as likely be attributed to any number of acute and transitory problems as it could be attributed to schizophrenia, particularly in view of the VA examination conducted in 1969 which showed no psychiatric abnormalities.

*Id.* The Board appears to have focused exclusively on whether or not appellant's nervous disorder, diagnosed as schizophrenia, was incurred in or aggravated during service, without addressing and developing appellant's claim for service connection for PTSD. Regarding appellant's claim for entitlement to service connection for PTSD, the Board begged the question of whether appellant had PTSD, merely noting:

> [B]ecause the veteran has never been shown by a mental health professional to have [PTSD], but instead has consistently been shown to have schizophrenia since 1970, it is our opinion that an additional VA examination is not warranted in order to reach an equitable decision with respect to his claim for service-connection for [PTSD].

*Id.* The Board found that the "[e]vidence submitted after [the final 1970 rating action], although new and material, does not alter the basis upon which that prior decision was predicated." *Id.* at 6. The BVA, however, is required to review all issues which are reasonably raised from all documents and oral testimony submitted prior to the BVA decision. *See Douglas v. Derwinski,* 2 Vet.App. 435, 439–40 (1992) (en banc); *EF v. Derwinski,* 1 Vet.App. 324, 326 (1991); *Myers v. Derwinski,* 1 Vet.App. 127, 130 (1991). Since appellant reasonably raised the issue of service connection for PTSD, he was entitled to a review of the issue by the BVA. *See EF, supra; Myers, supra.*

█ Pursuant to the VA's schedule of ratings for mental disorders, enumerated at 38 C.F.R. § 4.132, Schizophrenia, paranoid type, is considered a "psychotic disorder" and is evaluated under Diagnostic Code (DC) 9203. PTSD is considered a "psychoneurotic disorder" and is evaluated under DC 9411. Therefore, the issue of service connection for PTSD, as opposed to service connection for schizophrenia, is controlled by different regulatory law and diagnostic criteria.

█ In his brief, appellant asserts that the BVA erred in failing to assist him in developing his claim for service connection for PTSD. Appellant's Br. at 1. Specifically, appellant stated:

> My psychosis started within less than one year after returning from Vietnam. You seem to have most of my records, but where are my medical records for the Summer of 1968 when I was hospitalized at the VA Hospital in Washington, D.C.? I was there for physical and mental conditions. I remember receiving a blood transfusion. I also saw my [f]amily doctor within a few months after returning from Vietnam because of hearing voices and sleep disturbances.

> . . . .

> I experienced [PTSD] when people throughout the Country were protesting the Vietnam War in 1969 and 1970. I began to feel extremely guilty because I served in Vietnam. I was afraid to watch the News and I didn't know who to trust.

*Id.* Upon reviewing the record on appeal and the filings of the parties, the Court holds that the Board breached its statutory duty to assist the veteran in developing his claim based on service connection for PTSD.

█ This Court has held that once a veteran submits a well-grounded claim, the Secretary must assist the claimant in "developing the facts pertinent to" his or her claim. 38 U.S.C.A. § 5107(a) (West 1991). *See Murphy v. Derwinski,* 1 Vet.App. 78, 81–82 (1990); *Hyder v. Derwinski,* 1 Vet. App. 221, 224–25 (1991); *Green v. Derwinski,* 1 Vet.App. 121, 123–24 (1991); *Ivey v. Derwinski,* 2 Vet.App. 320, 323 (1992); *Murincsak v. Derwinski,* 2 Vet.App. 363, 372–73 (1992). In *Green,* 1 Vet.App. at 124, this Court noted that the statutory duty to assist specifically "includes the conduct of a thorough and contemporaneous medical examination, one which takes into account the records of prior medical treatment, so that the evaluation of the claimed disability will be a fully informed one." In *Green,* the Court also held that where the record before the BVA was inadequate, a remand to the RO was required. *Id.*

In the present case, the veteran has submitted a well-grounded claim for service connection for an acquired psychiatric disorder, to include PTSD, on the basis of his lay testimony and the letter from his brother concerning his psychiatric condition prior to service, during service, and immediately upon his discharge from service. *See Murphy*, 1 Vet.App. at 81 ("A well-grounded claim is a plausible claim, one which is meritorious on its own or capable of substantiation."). Accordingly, pursuant to the statutory duty to assist as articulated and developed in *Green* and *Murphy, supra*, the Board was required to assist appellant in developing the facts pertinent to his claim for service connection for PTSD.

It is unclear from the BVA's decision whether the VA made any attempts to locate those SMRs designated by appellant in his brief as being relevant to his PTSD claim. It is clear from the record, however, that the VA refused to schedule and conduct a thorough psychiatric examination on the PTSD issue. Because the record before the BVA was inadequate for the Board to make a fully informed decision on the issue of service connection for an acquired psychiatric disorder, to include PTSD, a remand is necessary in order for the VA to have the opportunity to fulfill its statutory duty to assist. *See Murphy*, 1 Vet.App. at 82; *Green*, 1 Vet.App. at 124. *Cf. Cousino v. Derwinski*, 1 Vet.App. 536, 540 (1991) ("[B]ecause there has been a wide diversity of medical opinions on appellant's condition, the BVA's denial of appellant's request for a complete psychoneurological examination was violative of the duty-to-assist requirement in 38 U.S.C.A. § 5107(a)...."). On remand, the Board will have the opportunity to conduct a thorough search for all service and medical records relevant to appellant's PTSD claim and to schedule and conduct a comprehensive psychiatric examination to determine whether or not appellant suffers from PTSD and, if so, whether appellant's PTSD was incurred or aggravated in service.

Further, the VA's ADJUDICATION PROCEDURES MANUAL, M21-1 (MANUAL) sets forth specific procedures to be followed uniformly by the VA in evaluating claims based on PTSD and requires, under certain circumstances, that the VA obtain appellant's military service records to corroborate the occurrence of appellant's alleged combat-related stressors. *See* MANUAL, paragraph 7.46; *see also Sayre v. Derwinski*, 2 Vet. App. 224, 225–26 (1992). If appellant was "engaged in combat" in Vietnam, his lay testimony regarding the onset of his PTSD may be sufficient proof of service connection. 38 U.S.C.A. § 1154(b) (West 1991) provides:

> In the case of any veteran who engaged in combat with the enemy in active service with a military, naval, or air organization of the United States during a period of war, campaign, or expedition, the Secretary shall accept as sufficient proof of service-connection of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease, if consistent with the circumstance, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service, and, to that end, shall resolve every reasonable doubt in favor of the veteran. Service-connection of such injury or disease may be rebutted by clear and convincing evidence to the contrary. The reasons for granting or denying service-connection in each case shall be recorded in full.

On remand, the BVA will have the opportunity to address whether appellant was "engaged in combat," to examine the circumstances, conditions, and hardships surrounding his period of service, and, if necessary, to corroborate the occurrence of his alleged service-related stressors.

## III. CONCLUSION

Upon review of the record, appellant's brief, and the Secretary's motion for summary affirmance, the Court finds that a remand is necessary. On remand, the BVA is instructed to issue a new decision supported by an adequate statement of reasons or bases. *See* 38 U.S.C.A. §§ 7104(a),

(d)(1); 5107(a); 38 C.F.R. § 4.40 (1992); *Gilbert v. Derwinski*, 1 Vet.App. 49, 59 (1990); *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). The Board's decision should include an analysis of the credibility or probative value of the evidence submitted by and on behalf of appellant, as well as a statement of the Board's reasons or bases for its rejection of submitted evidence. *Gilbert, supra*, at 59. *See also Peyton v. Derwinski*, 1 Vet.App. 282, 285 (1991); *Smith v. Derwinski*, 1 Vet.App. 235, 237 (1991); *Hatlestad v. Derwinski*, 1 Vet.App. 164, 169–70 (1991). "A remand is meant to entail a critical examination of the justification for the decision. The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case." *Fletcher, supra*, at 397.

Accordingly, the Secretary's motion for summary affirmance is DENIED; the July 8, 1991, BVA decision is VACATED and the matter remanded to the BVA for further development and review, in accordance with this decision, on the basis of all the evidence and material of record and all applicable law and regulations.