Citation Nr: 1206482 
Decision Date: 02/22/12 Archive Date: 03/01/12

DOCKET NO. 09-14 964 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUES

1. Entitlement to service connection for a bilateral knee disorder. 

2. Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), dysthymic disorder, generalized anxiety disorder, bipolar disorder, obsessive-compulsive disorder, and panic disorder. 

3. Entitlement to service connection for bilateral hearing loss. 

4. Entitlement to service connection for tinnitus. 


REPRESENTATION

Appellant represented by: Disabled American Veterans



ATTORNEY FOR THE BOARD

Kristi L. Gunn, Counsel


INTRODUCTION

The Veteran served on active duty from August 1963 to August 1966. The Veteran also has Reserve service with the United States Army Reserves in July 1968. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from an August 2007 rating decision of the Oakland, California, Department of Veterans Affairs (VA) Regional Office (RO). 

The Board notes that in the Veteran's VA Form 9, Appeal to the Board of Veterans' Appeals, received in April 2009, the Veteran indicated that he wanted to have a hearing before the Board at the RO. The Veteran was scheduled for a travel board hearing on November 16, 2011. However, the record reflects that he failed to report for the scheduled hearing. The Board finds that there is no Board hearing request pending at this time. 38 C.F.R. § 20.702(d) (2011). 

With respect to the Veteran's claim for PTSD, the Board notes that recent case law emphasizes that a claim for a mental health disability includes any mental disability that may reasonably be encompassed by the claimant's description of the claim, reported symptoms, and the other information of record. See Clemons v. Shinseki, 23 Vet. App. 1, 5-6 (2009). Given the holding in Clemons, the Board has recharacterized the issue to the broader issue of entitlement of service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), dysthymic disorder, generalized anxiety disorder, bipolar disorder, obsessive-compulsive disorder, and panic disorder, as is reflected on the cover page. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.
REMAND

The record as it stands is currently inadequate for the purpose of rendering a fully informed decision as to the claims on appeal. Where the record before the Board is inadequate to render a fully informed decision, a remand to the RO is required in order for VA to fulfill its statutory duty to assist the Veteran to develop the facts pertinent to the claim. Ascherl v. Brown, 4 Vet. App. 371, 377 (1993). 

Review of the Veteran's claims file reveals that the Veteran informed the RO that he was receiving benefits from the Social Security Administration (SSA). See the June 2008 report of contract. It was noted that the Veteran was to provide additional information regarding his SSA benefits. An August 2011 Income-Net Worth and Employment Statement completed by the Veteran indicates that he is currently receiving disability benefits from the SSA. Additionally, an August 2011 letter from the SSA reports both his SSA disability benefits and Supplemental Security Income (SSI) payments. See the August 2011 Income-Net Worth and Employment Statement and August 2011 SSA letter. 

However, the Social Security Administration (SSA) records are not included within the claims file. The U.S. Court of Appeals for Veterans Claims has held that, where VA has notice that the Veteran is receiving disability benefits from the SSA, and that records from that agency may be relevant, VA has a duty to acquire a copy of the decision granting Social Security disability benefits, and the supporting medical documents on which the decision was based. See Murincsak v. Derwinski, 2 Vet. App. 363, 373 (1992); Hayes v. Brown, 9 Vet. App. 67 (1996). The Federal Circuit has noted that 38 U.S.C.A. § 5103A does not require VA to obtain all medical records or all SSA disability records. Instead, VA must obtain only those that are relevant to the Veteran's claim. The Federal Circuit also stated that VA was not required to obtain records in every case in order to rule out their relevance. Rather, they are only required as long as a reasonable possibility exists that the records are relevant to the Veteran's claim. Golz v. Shinseki, 590 F.3d 1317 (Fed. Cir. 2010). 

The Board observes that the basis of the Veteran's award of SSA disability benefits is unclear from the current evidence of record. The August 2011 letter from SSA does not specify the basis for the award nor did the Veteran go into any details regarding the award in his August 2011 income-net worth and employment statement. Overall, it is not apparent from a review of the current evidence of record. As the Board cannot determine the basis for the award, it cannot rule out a reasonably possibility that the SSA records are relevant to the Veteran's current claims on appeal. Accordingly, a remand is necessary to obtain the records. 38 C.F.R. § 3.159(c)(2). 

Finally, in April 2007, the Veteran underwent a VA audiological examination for his claimed bilateral hearing loss and tinnitus. In the April 2007 VA examination report, the VA examiner references two audiological evaluations conducted at the local VA facility in May 1989 and August 2004. The VA examiner also refers back to the results from the May 1989 and August 2004 VA audiological evaluations in her opinion on the etiology of the Veteran's bilateral hearing loss and tinnitus. On review of the claims file, the Board notes that VA outpatient treatment records from March 2005 to September 2008 have been associated with the claims file. However, there are no VA records from May 1989 and August 2004. The Board notes that since VA has notice of outstanding potential relevant records, VA has a duty to obtain those records. See 38 U.S.C.A. § 5103A(c); 38 C.F.R. § 3.159(c) (2011). Additionally, VA records are considered part of the record on appeal since they are within VA's constructive possession. Because VA has notice of the existence of additional VA records, they must be retrieved and associated with the other evidence already on file. See Bell v. Derwinski, 2 Vet. App. 611 (1992); see also Epps v. Brown, 9 Vet. App. 341 (1996); Robinette v. Brown, 8 Vet. App. 69 (1995). 

Therefore, in order to give the Veteran every consideration with respect to the present appeal and to ensure due process, it is the Board's opinion that further development of the case is necessary. Accordingly, the case is REMANDED for the following actions:

1. Obtain from the SSA a copy of its decision(s) awarding the Veteran disability benefits, as well as copies of all medical records underlying that determination. In requesting these records, the RO should follow the current procedures of 38 C.F.R. § 3.159(c) with respect to requesting records from Federal facilities. All records/responses received should be associated with the claims file. 

2. Obtain and associate with the claims file all outstanding records of treatment, to specifically include results from audiological evaluations in May 1989 and August 2004, from the VA Palo Alto Health Care System in Palo Alto, California. If any requested records are not available, or the search for any such records otherwise yields negative results, that fact should clearly be documented in the claims file. 

3. After conducting any additional development, readjudicate the claims currently on appeal. If the benefits sought on appeal are not granted, the Veteran and his representative should be provided with a supplemental statement of the case (SSOC) and afforded the appropriate time period within which to respond thereto. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
K.J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).